IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALORIE SANDERS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW SAUL,[1] Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br>NO. 18-3325 |

**OPINION**

**Slomsky, J.**                                                                                                          **March 24, 2021**

**I.      INTRODUCTION**

Before the Court is Plaintiff Valorie Sanders' Motion for Attorney Fees under the Equal Access to Justice Act. (Doc. No. 19.) In this action brought under 42 U.S.C. § 405(g), Plaintiff appealed the Social Security Administrative Law Judge's ("ALJ") final decision denying her social security claim on the ground that the administrative proceedings were improperly adjudicated by an unconstitutionally appointed ALJ. Defendant Commissioner of Social Security ("Commissioner") did not dispute here the ALJ's appointment but contended that Plaintiff forfeited her Appointments Clause claim by failing to raise it during the administrative proceedings. After the Commissioner raised the forfeiture argument in this case, but before this Court ruled on this claim, the Third Circuit Court of Appeals held that claimants for Social Security disability benefits need not exhaust Appointments Clause challenges before the ALJs whose appointments they are challenging. See Cirko ex rel. Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020).

---

[1]  Nancy A. Berryhill was the Commissioner of Social Security at the time this case was initiated. In accordance with Federal Rule of Civil Procedure 25(d), Andrew Saul, the new Commissioner, is substituted for Berryhill as the Defendant.

Pursuant to this holding, this Court remanded the case to the Social Security Commission to be reconsidered by a new, constitutionally appointed ALJ.

As the prevailing party,[2] Plaintiff now seeks an award of attorney's fees on the ground that Defendant Commissioner's forfeiture argument was not substantially justified. The Commissioner maintains that the position was substantially justified because, at the time the argument was made, it rested on a close question of unsettled law. The Court agrees with the Commissioner, and for the reasons stated infra, Plaintiff's Motion for Attorney Fees (Doc. No. 19) will be denied.

## II.   BACKGROUND

On June 14, 2017, the ALJ found Plaintiff was not disabled and therefore not entitled to disability insurance benefits and supplemental security income. (See Doc. Nos. 13 at 1 n.2; 9 at 1.) On June 6, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (See Doc. No. 13 at 1 n.2.) Seeking review in the United States District Court, Plaintiff initiated the instant action by filing a Complaint on August 6, 2018. (Doc. No. 2.) In her Brief in Support of her Request for Review, Plaintiff relied on the United States Supreme Court's June 21, 2018 decision in Lucia v. S.E.C., 138 S. Ct. 2044 (2018) to argue that her administrative proceeding was improperly adjudicated because the presiding ALJ was not appointed in a manner consistent with the Appointments Clause.[3] (See Doc. No. 9 at 2-3.)

On December 20, 2018, the Court referred this case to Magistrate Judge Elizabeth T. Hey for a Report and Recommendation (Doc. No. 10), and the next day the Commissioner filed a Response to Plaintiff's Request for Review (Doc. No. 11). The Commissioner did not dispute the

---

[2]   See Shalala v. Schaefer, 509 U.S. 292, 301 (1993) (holding that the plaintiff is the prevailing party if the court remands the case pursuant to the fourth sentence in 42 U.S.C. § 405(g)).

[3]   "ALJs are 'Officers of the United States,' subject to the Appointments Clause." Lucia v. S.E.C., 138 S. Ct. 2044, 2055 (2018).

2

ALJ's invalid appointment; rather, the Commissioner averred that "Plaintiff's failure to assert a challenge to the ALJ's appointment before the agency at any point in the administrative proceedings forfeited her Appointments Clause claim." (Id. at 3-4.) In support of this argument, the Commissioner pointed to language in the holding in Lucia: "a party 'who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.'" (Id. at 3) (quoting Lucia, 138 S. Ct. at 2055). The Commissioner also noted that several "[c]ourts have repeatedly refused to reach appointment-related claims — including constitutional claims under the Appointments Clause — that were not timely asserted." (Id. at 4.)

On January 23, 2020, the Third Circuit issued its decision in Cirko ex rel. Cirko v. Comm'r of Soc. Sec., finding that claimants seeking Social Security disability benefits need not exhaust Appointments Clause challenges by raising the matter before the ALJs whose appointments they deem invalid. See 948 F.3d at 152. Seven days later, Magistrate Judge Hey issued her Report and Recommendation in which she held that—in accordance with Cirko—"the appropriate remedy is remand for a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing." (Doc. No. 13 at 2.) On April 30, 2020, this Court approved and adopted the Report and Recommendation and remanded for a new administrative proceeding in front of a constitutionally appointed ALJ. (See Doc. No. 17.)

On June 11, 2020, Plaintiff filed the instant Motion for Attorney Fees under the Equal Access to Justice Act. (Doc. No. 19.) In the Motion, Plaintiff states she is entitled to attorney fees under 28 U.S.C. § 2412 "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." (Id. at 3.) Because she contends that the Commissioner's forfeiture argument was not substantially justified, she asks the Court to award a total of $5,516.51 in attorney's fees. (Id. at 4-5.)

On June 24, 2020, the Commissioner filed a Response to Plaintiff's Motion. (Doc. No. 20.) The Commissioner contends the forfeiture argument was substantially justified because, despite the Third Circuit's recent holding in Cirko, "[t]he vast majority of district courts outside of the Third Circuit have agreed with the Commissioner's position—rejecting Appointments Clause challenges to SSA ALJs where the plaintiff failed to raise the issue during the administrative proceedings." (Id. at 2.) "This string of successes on a close question of unsettled law establishes that the Commissioner's position was substantially justified." (Id.)

On July 2, 2020, Plaintiff filed a Reply. (Doc. No. 21.) She contends the Commissioner failed to "show[] that the arguments . . . presented in favor of [the] forfeiture argument are substantially justified" and thus failed to prove substantial justification for the litigation position taken in this case. (Id. at 4.) Moreover, she claims the Commissioner's sole argument—that the Commissioner is "not required to 'sua sponte raise an Appointments Clause issue that was not raised by the claimant'"—is "clearly inadequate to establish substantial justification for [the Commissioner's] administrative-level position . . . ." (Id. at 3) (internal quotations omitted).

### III.  ANALYSIS

A prevailing party is entitled to attorney's fees under 28 U.S.C. § 2412(d)(1)(A) "unless the court finds that the position of the United States was substantially justified." The Commissioner has the burden of proving substantial justification, see Dougherty v. Lehman, 711 F.2d 555, 561 (3d Cir. 1983), which the Supreme Court has defined as "justifi[cation] to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Commissioner satisfies this burden by showing: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory advanced; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Hayes v. Saul, No. 17-5225, 2020 WL 5993504, at *2 (E.D. Pa. Oct. 9, 2020) (citing Citizens Council of Del. Cnty. v. Brinegar, 741 F.2d

4

584, 593 (3d Cir. 1984)). The position taken at the administrative level and during litigation both must be substantially justified, and "the Court must consider the totality of the circumstances and arrive at one conclusion that encompasses the entire civil action." See id.

    **A.    The Commissioner's Position at the Administrative Level was Substantially Justified**

The Commissioner's position at the administrative level was substantially justified because the ALJ's decision became final before the Supreme Court decided Lucia. On June 14, 2017, the ALJ issued an unfavorable decision to Plaintiff, and on June 6, 2018, the Appeals Council denied Plaintiff's request for review. (See Doc. No. 13 at 1 n.2.) Two weeks after the denial of review, the Supreme Court issued its decision in Lucia, where it held that ALJs are "Officers of the United States within the meaning of the Appointments Clause." 138 S. Ct. at 2050. "Only after Lucia was the Appointments Clause unambiguously held to apply to the appointments of Social Security ALJs." Hayes, 2020 WL 5993504, at *2.

As previously noted, Plaintiff contends the Commissioner's argument that "[the Commissioner] was not required to address the Appointments Clause issue because [Plaintiff] did not raise it" does not meet the burden of proof for substantial justification. (Doc. No. 21 at 3.)[4] This contention, however, has been considered and rejected by several courts in this District. As noted by the court in Hayes v. Saul:

---

[4] Plaintiff also argues in her Reply that the Commissioner's position at the administrative level was not substantially justified since "[t]he government's position at the administrative level includes the ALJ's decision," and "[t]hat decision is not substantially justified." (Doc. No. 21 at 5.) But the decision was issued by an unconstitutionally appointed ALJ, and for this reason the Court remanded for a new administrative hearing in front of a constitutionally appointed ALJ. See Holmes v. Berryhill, No. 19-784, 2020 WL 2126787, at *3 n.1 (E.D. Pa. May 4, 2020) (citation and quotations omitted) ("As we have recommended that the ALJ's decision be vacated due to the Appointments Clause infirmity, it would be inappropriate for us to consider the hearing testimony and the ALJ decision."). Therefore, Plaintiff's argument is without merit.

> [C]onsidering the constitutional appointment status of Social Security ALJs was not settled, the Commissioner acted reasonably in not affirmatively raising the Appointments Clause issue when Hayes did not raise any objection at the administrative level. See Culclasure v. Comm'r of Soc. Sec. Admin., No. 19-1543, 2020 WL 3172860, at *5 (E.D. Pa. June 15, 2020) ("While we expect the Commissioner respond to a claimant's constitutional concerns when raised and to conform to 'settled law' consistent with his oath to defend the Constitution, we do not expect nor require the Commissioner to predict how the judiciary will interpret the constitution in conducting administrative proceedings among varied interpretations.").
>
> . . . .
>
> [B]ecause there was legal uncertainty as to whether Social Security ALJs are subject to the Appointments Clause, the Commissioner's prelitigation position—proceeding through the administrative process without affirmatively raising the Appointments Clause issue—was substantially justified. See Lebron-Torres v. Comm'r of the Soc. Sec. Admin., No. 18-1212, 2020 WL 3488424, at *2 (E.D. Pa. June 26, 2020) (deciding the Commissioner's prelitigation position was substantially justified because prior to Lucia, the status of Social Security ALJs had not been settled); Marant v. Saul, No. 18-4832, 2020 WL 3402416, at *4 (E.D. Pa. June 19, 2020) (holding the Commissioner's prelitigation position was substantially justified because the pre-Lucia landscape on the ALJ Appointments clause issue was unclear); Culclasure, 2020 WL 3172860, at *5 (finding the Commissioner's prelitigation position was substantially justified because the administrative proceedings occurred before Lucia).

2020 WL 5993504, at *3.

This Court agrees that "[t]he Government's legal position will generally be substantially justified where law was unsettled." Id. (citing Washington v. Heckler, 756 F.2d 959, 961-62 (3d Cir. 1985)). Therefore, the Commissioner's position at the administrative level was substantially justified because the ALJ decision became final prior to Lucia, which resolved an unsettled question of law.

> B.   **The Commissioner's Litigation Position in This Case was Substantially Justified**

The Commissioner's litigation position in this case also was substantially justified. The Court first notes that Plaintiff did not argue the Appointments Clause claim at the administrative level. (See Doc. No. 20 at 1.) After the ALJ issued a decision and the Appeals Council denied

6

Plaintiff's appeal, Lucia was decided. Thereafter, Plaintiff filed suit in this Court. Based upon this sequence of events, the Commissioner had a "reasonable basis in truth" for raising the forfeiture argument for the first time at the district court level. Brinegar, 741 F.2d at 593 (quoting Dougherty, 711 F.2d at 564).

Second, the Commissioner argued forfeiture in accordance with Lucia, which held that "a new hearing should be granted if one makes a 'timely challenge' to the constitutionality of the appointment of an ALJ." Hayes, 2020 WL 5993504, at *4 (citing Lucia, 138 S. Ct. at 2055). But Lucia "did not define what qualifies as a 'timely challenge,'" id., and it was not until January 2020 that the Third Circuit in Cirko found "claimants for Social Security disability benefits [are not required to] exhaust Appointments Clause challenges before the very [ALJs] whose appointments they are challenging." Id. at *1 (alterations in original) (quotations omitted) (quoting Cirko, 948 F.3d at 152-53). Therefore, the Commissioner had a reasonable basis in law for asserting the forfeiture argument because Third Circuit law was unsettled at the time the argument was made.[5] See Brinegar, 741 F.2d at 593.

---

[5] Other courts in this district have reached the same conclusion. See, e.g., Cosgrove v. Saul, No. 19-2556, 2020 WL 3498105, at *2 (E.D. Pa. June 29, 2020) (citation omitted) ("The Commissioner's litigation position in this case was 'substantially justified' because the operative facts and law were nearly identical to those in Cirko, which resolved this novel, disputed legal issue for the first time."); Lebron-Torres v. Comm'r of the Soc. Sec. Admin., No. 18-1212, 2020 WL 3488424, at *3 (E.D. Pa. June 26, 2020) (citation omitted) ("Based on this widespread support for the Commissioner's pre-Cirko legal position, 'it cannot be said to have been unreasonable.'"); Marant v. Saul, No. 18-4832, 2020 WL 3402416, at *6 (E.D. Pa. June 19, 2020) ("[B]efore Cirko, there existed a sufficiently unsettled or close question of law as to whether an Appointments Clause claim was waived if it was not raised administratively. The fact that the Commissioner's position on . . . th[is] issue[] of law was ultimately rejected does not mean [it was] not sufficiently justified at the time [it was] taken."); Hill v. Saul, No. 18-5564, 2020 WL 3250484, at *2-3 (E.D. Pa. June 16, 2020) ("The government took the position that exhaustion was required, a position that had a reasonable basis in law . . . . [T]he government raised the question of exhaustion before Cirko was decided. At that point, there was no consensus on this question within the Eastern District of Pennsylvania, let alone the Third Circuit.").

Lastly, because Plaintiff did not raise the Appointments Clause issue at the administrative level, and given the sequence of when Lucia and Cirko were decided, it was reasonable for the Commissioner to raise the forfeiture argument for the first time in this case.[6] Therefore, the facts alleged are reasonably connected to the legal theory advanced by the Commissioner, see id., and the Commissioner's litigation position in this case was substantially justified.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner has met the burden of proving the position taken at the administrative level and position taken before this Court were both substantially justified. Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 19) will be denied. An appropriate Order follows.

---

[6] See Hayes v. Saul, No. 17-5225, 2020 WL 5993504, at *5 (E.D. Pa. Oct. 9, 2020); Lebron-Torres, 2020 WL 3488424, at *3; Hill, 2020 WL 3250484, at *3; Diaz v. Saul, No. 18-5075, 2020 WL 3127941, at *3 (E.D. Pa. June 12, 2020); Holmes, 2020 WL 2126787, at *3.